```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

ROBERTO NUNEZ,                    )
                                  )
          Plaintiff               )
                                  )
     v.                           ) Case No. 2:04 cv 453
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF SOCIAL SECURITY   )
                                  )
          Defendants              )
```

OPINION AND ORDER

This matter is before the court on the Application for Attorneys' Fees Under the Equal Access to Justice Act filed by the plaintiff, Roberto Nunez, on May 18, 2006.  For the following reasons, this motion is **GRANTED IN PART** and **DENIED IN PART**.

Background

On November 10, 2004, plaintiff Roberto Nunez filed a complaint in this court seeking review of a determination by the Commissioner of Social Security that he was not disabled during the period of March 24, 2000 through December 9, 2001 but became disabled thereafter. On February 16, 2006, this court granted Nunez's motion for summary judgment.  In so holding, the court found that the ALJ committed a major error at Step Two of the evaluation process, which rendered his entire decision invalid. (Order p. 19)  Specifically, the ALJ erred in finding that Nunez's mental impairment was "not severe" at Step Two, despite a record that clearly <u>mandated</u> the opposite conclusion under the Commissioner's regulations. (Order, pp. 19-20).  Consequently, the ALJ never determined whether Nunez's mental condition satis-

fied a Listing at Step Three, even though it was undisputed that Nunez satisfied nearly all of the requirements of Listing 12.05(c) for mental retardation. (Order, pp. 20-21) In addition to these deficiencies, the court found that the ALJ entirely failed to consider the impact of Nunez's neuropathy on his hands and arms at Steps Four and Five, notwithstanding consistent diagnoses of neuropathy since 1999 and evidence supporting a limitation on Nunez's ability to push and pull. (Order, pp. 23-24) Because of these errors, the court could not reach the remainder of Nunez's arguments in support of remand.

On May 18, 2005, the plaintiff applied for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The plaintiff seeks $17,454.82, representing 104.2 attorney hours and 11.8 law clerk hours spent on this case and EAJA application.

### Discussion

As a preliminary matter, the court notes that the actual attorney hours expended in this case are 103.7 hours[1] and paralegal/law clerk hours are 12.3 hours.[2]  Thus, the amount of fees would need to be adjusted even if this court were to grant the plaintiff's total EAJA request.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of

---

[1] Attorney hours of 103.7 = 3.1 hours on the EAJA application and reply brief + 5.5 hours in meetings + 2.1 hours by Mr. Daley in misc. case management +73 hours by Ms. Borowski on the opening brief and record review +20 hours on the reply brief.

[2] Paralegal/law clerk hours of 12.3 = .5 by Ms. Aloe + 4.5 by Ms. Blaz on the case in chief/EAJA application + 7.3 by Ms. Blaz on the EAJA reply brief.

Social Security "unless the court finds that the position of the [Commissioner] was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A). *See also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-24 (7th Cir. 2004).  In addition, the plaintiff must timely submit a fee application and itemized statement "to the court within 30 days of final judgment." **United States v. Hallmark Construction Company**, 200 F.3d 1076, 1078-79 (7th Cir. 2000). *See also* 28 U.S.C. §2412(d)(1)(B). The "position of the [Commissioner]" means the position of the Commissioner throughout the civil action, as well as "the action or failure to act by the [Social Security Administration] upon which the civil action is based." 28 U.S.C. §2412(d)(2)(D). *See also* **Marcus v. Shalala**, 17 F.3d 1033, 1036 (7th Cir. 1994).  The trial court's award of attorney's fees under the EAJA is reviewed for abuse of discretion. **Pierce v. Underwood**, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); **Golembiewski**, 382 F.3d at 723.

The primary dispute between Nunez and the Commissioner is whether the Commissioner's position was "substantially justified." The Commissioner's position is substantially justified if it is "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." **Pierce**, 487 U.S. at 555, 108 S.Ct. at 2550. *See also* **Jean**, 496 U.S. at 158 n.6, 110 S.Ct. at 2319 n.6.  This standard is not the same as the "substantial evidence" standard that governs judicial review

3

of the ALJ's decision. *See* **Pierce**, 487 U.S. at 569, 108 S.Ct. at 2552. The Commissioner's position may be substantially justified even though a court disagrees with her. **Pierce**, 487 U.S. at 569, 108 S.Ct. at 2552. According to the Supreme Court, the question of substantial justification is "not what the law now is, but what the Government was substantially justified in believing it to have been." **Pierce**, 487 U.S. at 561, 108 S.Ct. at 2548. To this end, a reversal and remand of the Commissioner's decision by the Seventh Circuit requires that the trial court "analyze the actual merits of the government's litigating position" in determining whether fees should be awarded under the EAJA. **Golembiewski**, 382 F.3d at 724; **Hallmark**, 200 F.3d at 1080-81. The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." **Hallmark,** 200 F.3d at 1080 (internal quotations omitted); **Marcus**, 17 F.3d at 1036. The Commissioner carries the burden of proof to show that her position was substantially justified. **Golembiewski**, 382 F.3d at 724.

The Commissioner was not reasonable in her position that the ALJ's ability to decide whether impairments were severe in combination obviated the ALJ's obligation to decide whether each one of Nunez's impairments was severe. Social Security Ruling 96-3p and 20 C.F.R. §404.1520a(d)(1) indicate that the ALJ must

4

consider the evidence in support of each impairment. Moreover, SSR 96-3p states that the ALJ may not consider work experience in determining severity at Step Two and further requires an ALJ to find that an impairment is "severe" if the claimant has a "moderate" restriction in his activities of daily living.  The ALJ both considered Nunez's work history and also declined to find Nunez had a severe impairment despite a contrary functional impairment rating.  These major legal errors affected the ALJ's entire decision and prevented the ALJ from even considering whether Nunez was disabled under a Listing the evidence arguably showed that he met.

The ALJ also violated clear Seventh Circuit law when he ignored an entire line of evidence regarding Nunez's peripheral neuropathy. *See* **Herron v. Shalala**, 19 F.3d 329, 333 (7th Cir. 1994).  Although the ALJ acknowledged the existence of neuropathy, he did not consider its impact on Nunez's ability to push, pull, sit, and stand, even though Nunez's treating physician described limitations on these functions. For this reason as well, the Commissioner's position was not substantially justified.

The Commissioner raises a number of objections to the fees requested in Nunez's EAJA application. The plaintiff has the burden of proving that the fees he seeks are reasonable by submitting "evidence in support of the hours worked and rates claimed." **Hensley v. Eckerhart**, 461 U.S. 424, 433, 437, 103 S.Ct. 1933, 1939, 1941, 76 L.Ed.2d 40 (1983).  *See also* 28 U.S.C.

5

§2412(d)(1)(B).  In formulating his fee calculation, the plaintiff must exercise good billing judgment, which recognizes that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." **Hensley**, 461 U.S. at 434, 103 S.Ct. at 1940.  According to the Supreme Court, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." **Hensley**, 461 U.S. at 434, 103 S.Ct. at 1039-40.  The district court also may reduce an award for inadequately documented hours, hours that were not reasonably expended, and "for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. §2412(d)(2)(D); **Jean**, 496 U.S. at 161, 110 S.Ct. at 2320; **Hensley**, 461 U.S. at 433-34, 103 S.Ct. at 1939-40. An EAJA award is within the sound discretion of the district court.  See **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1941.

First, the Commissioner argues that the 100.6 attorney hours expended on Nunez's case in chief is excessive.[3]  The record in this case was 454 pages, the plaintiff's opening brief was 34 pages long and reply brief was 21 pages, and the ALJ's error at Step Two created numerous grounds for remand that the plaintiff was required to address or risk waiver.  Despite these factors, the number of hours spent by counsel is unusually high. Indeed,

---

[3] Plaintiff's counsel expended .6 attorney hours on the EAJA application and 2.5 attorney hours on the reply brief in support of the application [103.7 total hours -3.1 hours on the EAJA application =100.6 hours on the plaintiff's case in chief].

6

virtually all of the cases the plaintiff cites to show the time spent was reasonable here report EAJA awards of between 30 and 40 hours less that requested in this case. *See, e.g.,* **Wirth v. Barnhart**, 325 F.Supp.2d 911, 919 (E.D. Wis. 2004) (66.9 attorney hours); **Taylor v. Barnhart,** No. 00 C 3556, 2004 WL 1114783, at *3 (N.D. Ill. 2004) (51 attorney hours); **Samuel v. Barnhart**, 316 F.Supp.2d 763, 783 (E.D. Wis. 2004) (61.05 attorney and paralegal hours). The only commensurate case cited by the plaintiff permitted an award for 110.28 attorney and paralegal hours, but that case involved multiple hearings, appeals, and complicated legal and factual issues. *See* **Stewart v. Sullivan**, 810 F.Supp. 1102, 1107 (D. Hawaii 1993). This case is not comparable.

The court will reduce the total attorney hours in this case, inclusive of EAJA application, by 9.5 hours. A review of the time sheet shows that attorney Borowski proofread and reviewed the opening brief on five occasions in 2005, including 1.5 hours on March 6, .25 hours on March 7, and 1.0 hours on March 10. In addition, proofreading comprised some portion of the 6.5 hours expended on March 14 and the 2 hours of attorney time on April 1. Given that Borowski's two primary proofreading entries recorded a minimum of one hour to the task, the court reduces the March 14 and April 1 entries by one hour each, for a total proofreading time of 4.75 hours. There simply is no reason an attorney would need to spend approximately 5 hours proof-reading a brief, particularly when the same attorney also spent at least an additional 3.5 hours refining her arguments.

7

The court also will not permit reimbursement for the time Ms. Borowski spent rereading portions of the record and reviewing her own notes on March 10 (2 hours) and March 30 (which the court pro-rates as 1 hour).  Ms. Borowski already seeks payment for the eight or nine hours she spent reading the record, taking notes, and tabbing; the additional three hours of "refresher" should not be reimbursed, notwithstanding the length of the record.

Third, the court reduces the time Ms. Borowski spent conferring with attorney Daley on February 17, 2005 from 2 hours to .25 hours. Mr. Daley attributed only .25 to this meeting and does not represent that he reduced his time.  Unlike the 15 minute disparity between the two attorneys' entries for their June 21, 2005 meeting, a 1.75 hour difference is too large to be reasonable.

Stripped of these entries, the total attorney hours in this case equal 94.2.  While still high, this number loses its unreasonableness when viewed in light of the fact that the plaintiff's counsel is being reimbursed for only 8 hours spent reading a massive record and only 57.25 hours writing and researching an opening brief nearly 10 pages longer than that typically permitted by this court. In addition, it is not unreasonable to spend 20 hours, as plaintiff's counsel did, drafting a 21-page reply brief when the meritorious arguments presented are as numerous as they were in this case.

However, the court must reduce the EAJA award as it relates to paralegal/law clerk time in this case.  The plaintiff may not be reimbursed for the .5 hours that paralegal Aloe spent convert-

8

ing documents to .pdf format, e-filing them, and emailing a proposed order on April 4, 2005.  Ms. Aloe is not an attorney, and her training in use of the electronic filing system is completely irrelevant to a determination of whether her time should be reimbursed. While drafting a motion to file a brief in excess of this court's page limits might be something an attorney would do, the time entry merely states that Ms. Aloe emailed the motion.  Because this entry is entirely clerical in nature, the plaintiff may not be reimbursed for it. See ***Spegon v. Catholic Bishop of Chicago***, 175 F.3d 544, 553 (7th Cir. 1999) (noting that a party may only be compensated for work that is traditionally done by an attorney).  Likewise, the court reduces paralegal Blaz's time by .85 hours, representing the time Ms. Blaz spent sending forms to Nunez and e-filing on October 5 and 28, 2004 and January 10, 2006.

Finally, the Commissioner argues that a paralegal billing rate of $100/hour for the services of Ms. Blaz is excessive.  This court agrees.  Ms. Blaz's compensable work in this case consisted of drafting the complaint, consent forms, and a citation to supplemental authority; completing forms of service; and drafting a boilerplate EAJA application. Unlike in a case in which a paralegal drafts portions of the plaintiff's briefs, the work performed by Ms. Blaz here does not warrant a higher fee. Accordingly, the court finds that an award of $75/hour is more appropriate for Ms. Blaz.

The Commissioner's argument that the EAJA award should not be remitted directly to counsel for Nunez is moot.  Nunez has attached an assignment of fee to his reply brief.

In sum, the court will award EAJA fees of $15,530.79.  This figure includes 94.2 attorney hours, representing 2.25 hours at $151.25/hour in 2004 [$340.31], 90.6 hours at $156.25/hour in 2005 [$14,156.25], and 1.35 hours at $157.76/hour in 2006 [$212.98].  It also includes 10.95 law clerk hours at $75/hour [$821.25].

_____

For the foregoing reasons, the Application for Attorneys' Fees Under the Equal Access to Justice Act filed by the plaintiff, Roberto Nunez, on May 18, 2006, is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's counsel is awarded fees in the amount of $15,530.79.

ENTERED this 31st day of July, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge